IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clarence Perry,                         Case No. 1:05 CV 2737

                Petitioner,         MEMORANDUM OPINION
                                        AND ORDER

      -vs-

                                          JUDGE JACK ZOUHARY

Christine Money,

                Respondent.

### BACKGROUND

Petitioner, Clarence Perry, is a state inmate currently incarcerated at the Marion Correctional Institution, pursuant to convictions for drug possession, drug trafficking, and possession of criminal tools. On July 31, 2007, this Court issued a Memorandum Opinion and Order (Doc. No. 19) granting Petitioner a conditional writ of habeas corpus and ordered the State of Ohio to either resentence Petitioner within ninety days or release him. This Court held that the sentencing judge improperly considered the Petitioner's lack of remorse during sentencing, facts not admitted, stipulated to, or found by the jury. These factual findings were impermissible and violate *Blakely v. Washington*, 542 U.S. 296, 303 (2004). Both sides appealed to the Sixth Circuit (Case Nos. 07-4198 and 07-4199).

Before the Court are Respondent's Motion to Stay Order pending appeal (Doc. No. 28) and Petitioner's Motion for Final Order of Discharge (Doc. No. 29).

## DISCUSSION

While a decision ordering the release or resentencing of a prisoner is on appeal, "the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety." Federal Appellate Rule 23(c). The United States Supreme Court has held this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774, (1987). Under *Hilton*, the district court must consider the following factors in deciding whether to stay an order granting habeas corpus relief pending appeal:

1. whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
2. whether the applicant will be irreparably injured absent a stay;
3. whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
4. where the public interest lies.

*Id.* at 776; *Workman v. Tate*, 958 F.2d 164, 166-167 (6th Cir. 1992).

The first *Hilton* factor favors Petitioner. This Court previously held Petitioner's sentence violated *Blakely,* and Respondent is unlikely to succeed on appeal. Nevertheless, under this Court's holding, Petitioner should not expect to be released but rather merely resentenced. The second, third, and fourth factors favor staying Petitioner's release pending appeal. Granting a stay will not irreparably injure Petitioner because the state court may choose to modify its original sentence or resentence Petitioner to the same term of six years without violating *Blakely*. Either way, Petitioner does not face an immediate release date. Furthermore, it makes no sense to resentence Petitioner before the appeal, thereby rendering the appeal moot. Finally, it is a waste of judicial resources for the appeal to proceed in the Sixth Circuit, while simultaneously requiring the State to resentence Petitioner. Considering all of these factors, a stay pending appeal is appropriate in this case.

**CONCLUSION**

Respondent's Motion to Stay Order pending appeal is GRANTED and Petitioner's Motion for Final Order of Discharge is DENIED. This Court's Memorandum Opinion and Order Granting Petitioner a conditional writ of habeas corpus is stayed pending disposition of the appeals currently pending before the Sixth Circuit.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 28, 2007